UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICKY LOVEJOY,
    Petitioner

v.

MARK CAPOZZA, *et al.*,
    Respondents

CIVIL NO. 3:13-CV-2014

(Judge Caldwell)

## *M E M O R A N D U M*

I. *Introduction*

    The pro se petitioner, Ricky Lovejoy, an inmate at SCI-Pittsburgh, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lovejoy is challenging his 2002 convictions in the Court of Common Pleas of Dauphin County, Pennsylvania, for possession with intent to deliver crack cocaine and possession of drug paraphernalia. He was sentenced to five to ten years of imprisonment.[1]

    It appears to the court that the petition was filed after the expiration of the one-year statute of limitations for a section 2254 petition. We may raise the timeliness issue *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005)(en banc). However, before dismissing the petition on the basis of the statute of limitations, we must give Petitioner an opportunity to show why his petition is timely. *Day*, 547 U.S. at 210, 126 S.Ct. at 1684. We will therefore provide Petitioner with that opportunity, after explaining why we believe the petition is untimely.

---

[1] Petitioner is incarcerated within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania, but we will entertain the petition because he is challenging a conviction that occurred in the Middle District.

II. *Background*

In November 2002, a jury convicted Petitioner on the two offenses. (Doc. 1, 2254 petition, p. 1). On December 19, 2002, he was sentenced to five to ten years' imprisonment. *Commonwealth v. Lovejoy*, CP-22-CR-0246-2002, at p. 5 (Common Pleas Ct. - Dauphin Ctny.). Petitioner took a direct appeal, and on September 2, 2004, the Pennsylvania Superior Court affirmed his convictions and sentence. *Commonwealth v. Lovejoy*, No. 72 MDA 2003 (Pa. Super. Ct.). On February 11, 2005, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Lovejoy*, No. 906 MAL 2004 (Pa.). Petitioner did not seek review in the United States Supreme Court.

On March 15, 2005, Petitioner filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat. Ann. § 9541-9546. *Commonwealth v. Lovejoy*, CP-22-CR-0246-2002, at p. 9 (Common Pleas Ct. - Dauphin Ctny.). On July 28, 2005, (docketed July 29), the trial court denied the PCRA petition. (*Id.*, p. 10). After a timely appeal, on August 1, 2006, the superior court affirmed the trial court's decision. *Commonwealth v. Lovejoy*, No. 1679 MDA 2005 (Pa. Super. Ct.). Petitioner did not seek further review in the Pennsylvania Supreme Court.

On June 1, 2012, Petitioner filed a civil-rights action which sought habeas relief as well as the relief typically granted in a civil-rights action. *Lovejoy v. Pennsylvania*, No. 1:CV-12-1037 (M.D. Pa.)(Caldwell, J.). We gave him leave to file a habeas petition in that action. 2013 WL 2392996, at *5. Instead, he filed the instant 2254 petition separately on August 26, 2013.

III.    *Discussion*

   A.    *Statutory Framework*

There is a one-year statute of limitations on filing a 2254 petition.  *See* 28 U.S.C. § 2244(d)(1).  In pertinent part, the statute begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005).  This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought.  *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).  It also applies to the right to seek certiorari review in the United States Supreme Court so that if review is sought in the state's highest court, the judgment does not become final until the ninety-day period for seeking certiorari review expires.  *See Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 (3d Cir. 2013)(citing *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)).[2]

The limitations period is subject to equitable tolling, *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 88-89 (3d Cir. 2013), and to statutory tolling.  *Id.* at 85.  Statutory tolling occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."

---

[2]    If a petitioner does seek certiorari review, "the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari."  *Gonzalez,* ___ U.S. ___, ___, 132 S.Ct. at 653.

28 U.S.C. § 2244(d)(2); *Swartz, supra,* 204 F.3d at 419. A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

Statutory tolling applies to those periods when an application for discretionary review is pending in a state appellate court from the denial of postconviction relief, *see Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008)(noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler,* 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). It also applies to the time period for seeking state-court appellate review even if such review is not sought. *Jenkins*, *supra*, 705 F.3d at 85 n.4. However, it does not apply to the time the petitioner has for seeking certiorari review from the United States Supreme Court, *id.* n.5, or the time period during which such an application is pending. *Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a petition for certiorari has been filed" in the Supreme Court).

    B.    *Calculation of Petitioner's Limitations Period Indicates His Petition Is Time-Barred*

On February 11, 2005, the Pennsylvania Supreme Court denied Lovejoy's direct appeal, so his judgment would have become final on May 12, 2005, the expiration of the ninety-day period he had for seeking certiorari review in the United States Supreme Court. However, on March 15, 2005, Petitioner filed his PCRA petition, thereby tolling the

statute before it began to run.  The statute remained tolled until September 1, 2006, the expiration of the thirty-day period for seeking review in the state supreme court from the superior court's August 1, 2006, denial of Petitioner's PCRA appeal.  His one-year statute of limitations thus began running on September 1, 2006, and expired on September 4, 2007.[3]  Since Petitioner did not file his civil-rights action until June 1, 2012, his attempt at seeking federal habeas relief was untimely by about four years and nine months.[4]

### C. *Equitable Tolling May Make the Petition Timely*

As noted, equitable tolling can extend the time for filing a 2254 petition. Equitable tolling is to be used only sparingly, when equitable principles would show that a rigid application of the statute of limitations would be unfair.  *Jenkins*, *supra*, 705 F.3d at 89. For equitable tolling to apply, the petitioner must show two things: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)(quoted case omitted).  The determination is made on a case-by-case basis.  *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).  Equitable tolling can occur in several circumstances.  *See Jenkins*, 705 F.3d at 88-91; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999).

In his 2254 petition, Petitioner asserts that he is entitled to equitable tolling based on mental illness or mental incompetence.  (Doc. 1, 2254 petition, ¶¶ 18, ECF pp. 9,

---

[3]  September 1, 2007, was a Saturday, and September 3, 2007, was Labor Day, so the deadline became September 4, 2007.  See Fed. R. Civ. P. 6(a)(1)(C).

[4]  We believe we should use the date the civil-rights action was filed rather than the date the 2254 petition was filed since Petitioner did seek habeas relief in the civil-rights action.

11). In other parts of his petition, he implies that the limitations period should be tolled for the following reasons. First, prison officials in the restricted housing unit (RHU) at SCI-Camp Hill confiscated his legal work in March 2007. Second, when he was transferred to SCI-Houtzdale, prison officials there also confiscated his legal work when they placed him in the RHU for repeated misconducts, thereby hindering his efforts at appealing. (*Id.*, ¶¶ 11(c)(5), ECF p. 9). Third, he has been confined to the RHU for long periods of time. Fourth, he is uneducated and not trained in the law, requiring him to have the assistance of other inmates to prepare his legal filings. (*Id.*, ECF p. 10). Fifth, the prosecutor misled the court and the Petitioner and withheld crucial information. (*Id.*, ECF p. 12).

Petitioner's allegations are too vague to establish equitable tolling. We will thus require him to file a brief providing us with pertinent details. To begin with, the limitations period ran from September 1, 2006, through September 4, 2007, so Petitioner must show us that extraordinary circumstances prevented him from timely filing his 2254 petition during that time frame. Mental illness or mental incompetency can toll the statute, *Champney v. Secretary Pennsylvania Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012)(nonprecedential)(also listing the factors to be considered in regard to mental illness), but Petitioner must specify for this time frame what mental deficiency he was suffering from, when he suffered from it, and how that mental deficiency prevented him from filing a timely 2254 petition. He must also specify for this period: (1) the legal work that was confiscated, when it was confiscated, and how the confiscation prevented him from filing a timely 2254 petition; (2) the prisons in which he was incarcerated, the time periods he spent in each prison, and how much time he spent in the RHU at each prison. Additionally, Petitioner must provide the facts supporting his claim that the prosecutor misled the court,

-6-

what crucial information was withheld from Petitioner, and how the prosecutor's conduct prevented him from timely filing a 2254 petition.  Finally, since Petitioner must show reasonable diligence, *Ross*, 712 F.3d at 799, as well as extraordinary circumstances, he must provide all this information, as relevant, for the time period from September 4, 2007, the date the statute of limitations expired, through June 1, 2012, the date he filed his civil-rights action.

        We will issue an appropriate order.


                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge


Date: September 18, 2013

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICKY LOVEJOY, :
    Petitioner :
: CIVIL NO. 3:13-CV-2014
v. :
: (Judge Caldwell)
MARK CAPOZZA, *et al.,* :
    Respondents :

*O R D E R*

AND NOW, this 18th day of September, 2013, it is ordered that:

  1. Within twenty-one (21) days of the date of this order, Petitioner may file a brief in support of his contention that the statute of limitations has been equitably tolled, which supplies the information required by the accompanying memorandum.

  2. If Petitioner fails to do so, we will deny the petition as time-barred.

                        /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge